UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRIAN ARDOIN

VERSUS

STATE OF LOUISIANA, THROUGH
THE DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONS,
OFFICE OF STATE POLICE

CIVIL ACTION

NO. 08-593-JVP-DLD

FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

2009 APR -6  P 2: 35

SIGN_____
BY DEPUTY CLERK

## RULINGS

This matter is before the court on two motions. Defendant, State of Louisiana, through the Department of Public Safety and Corrections, Public Safety Services, Office of State Police ("Louisiana State Police"), has filed a motion to dismiss and/or for motion for summary judgment insofar at the claims seeks class action status (doc. 14).[1]  Plaintiff, Brian Ardoin, has opposed that motion (doc. 16) and filed a motion to continue defendant's motion (doc. 15). Defendant has opposed the motion to continue (doc. 18).   Jurisdiction is based upon 28 U.S.C. § 1331.  There is no need for oral argument and the matter is now submitted.

## FACTS AND PROCEDURAL HISTORY

Plaintiff, an African American trooper employed by the Louisiana State Police at Troop I, instituted this action on September 18, 2008. The complaint alleges that,

---

[1] Though defendant has captioned its motion as a motion to dismiss and/or for summary judgment, the court interprets the motion as a motion to determine whether class certification is appropriate.

1

since his hiring in August of 2003, plaintiff has been subjected to systemic disparate treatment and racial discrimination.

Plaintiff alleges that he was subjected to discrimination on the basis of race at Troop I when, despite his having attended a K-9 training course and having worked as a K-9 handler, he was overlooked for a position that was awarded to a non-experienced Caucasian trooper (complaint, ¶ 13).  He also alleges that he was denied the right to obtain secondary employment, teaching as an adjunct professor at LSU-Eunice, until after he had gone through the unusual step of obtaining validation of his credentials and qualifications to do so (*id.* at ¶¶ 17-20).

Plaintiff further alleges that African-American troopers at Troop I are: (1) constantly overlooked for promotions that are given to less qualified Caucasian troopers, and that those with outstanding record evaluations are routinely given unusually low subsequent evaluations to ensure that they are not promoted (complaint, ¶¶ 9, 14); (2) denied access to training classes made available to Caucasian troopers (*id.* at ¶¶ 10-11); (3) denied opportunities for lateral transfers that are granted to Caucasian troopers (*id.* at ¶ 12); and (4) routinely referred to as "OTW," meaning "other than white" (*id.* at 15).

Plaintiff further alleges that in response to the pattern and practice of discrimination against African American troopers at Troop I, he filed a complaint of discrimination with the Louisiana State Police on February 24, 2007 (complaint, ¶ 16).  Then, on or about March 13, 2007, seventeen troopers filed a grievance letter

2

with the Equal Employment Opportunity Commission concerning discriminatory practices and disparities with regard to African American troopers at Troop I (*id.* at 21).

Plaintiff alleges that, in retaliation for his having filed the February 24, 2007 complaint: (1) a Caucasian trooper at Troop I stalked him by illegally parking behind his vehicle and then circling and examining his vehicle while speaking on a cellular telephone (complaint, ¶¶ 22-23); (2) his shift supervisor changed his route to a more inconvenient route that subjected him to constant supervision (*id.* at 25); (3) he was subjected to an administrative investigation requiring him to produce his LSU-Eunice check-stubs and class schedule (*id.* at 29-30); and (4) he was transferred to the towing and recovery section of Troop I pending completion of his EEOC investigation (*id.* at 31).

On March 14, 2008, plaintiff filed a complaint with the EEOC addressing his claims of retaliation (complaint, ¶ 33). Then, during April of 2008, he was suspended from Troop I without pay or benefits. Plaintiff contends that the grounds for the suspension are far-fetched and that the reasons given for the suspension are mere pretexts for a retaliatory suspension (*id.* at 34).

Plaintiff claims that he has suffered loss of wages and employment, emotional pain and suffering, loss of enjoyment of life, costs, and attorneys' fees (complaint, ¶ 45). Plaintiff's complaint also provides that:

This class action proceeding is brought on behalf of:

3

> All African American troopers, who were employed with the Louisiana State Police from April 23, 2007, the date plaintiff filed his EEOC complaint, through present, and endured systemic disparate treatment racial discrimination while working for the Louisiana State Police.

(*Id.* at ¶ 1).

The complaint further provides that:

> Plaintiff seeks to represent a class consisting of all persons who are residents of the State of Louisiana and who sustained personal injuries, emotional and mental injuries and economic damages as a result of the systemic disparate treatment racial discrimination endured while working as a state trooper with the Louisiana State Police from April 23, 2007 through present.
>
> \* \* \*
>
> There are more questions common to members of the class than questions that affect only individual members of the class. Such common questions include whether the State of Louisiana is responsible to Plaintiff and the class for:
> 
> a. Racial discrimination against African American troopers in denying them promotions compared to their Caucasian counterparts;
> b. Racial discrimination against African American troopers in denying them the opportunity to attend training and/or classes in relation to their Caucasian counterparts;
> c. Racial discrimination against African American troopers in disciplining them in comparison to their white counterparts who committed the same infractions;
> d. Racial discrimination in the form of a hostile work environment toward African American troopers in the form of racially derogatory

4

>      comments, racially derogatory jokes, and racially derogatory slurs; and
> 
> e.   Racial discrimination in the form of retaliation against African American troopers who chose not to tolerate such harassment and/or discrimination.

(Complaint, ¶¶ 47, 49, respectively).

On January 30, 2009, defendant moved for summary judgment on plaintiff's claims for back wages and front wages (doc. 13). Defendant also filed the present motion to dismiss and/or for summary judgment, insofar as the claim seeks class action status (doc. 14). On February 19, 2008, plaintiff opposed both motions and filed the present motion to continue defendant's motion for dismissal and/or summary judgment on the claim insofar as it seeks class action status (doc. 15).

Defendant maintains that class action status is inappropriate because plaintiff cannot meet the numerosity requirement of Rule 23 of the Federal Rules of Civil Procedure.[2] Defendant argues that plaintiff's complaint, like his EEOC grievance letter, alleges only actions or omissions occurring at Troop I and is not related to any failure of the Louisiana State Police in general (doc. 14-2, pp. 1-2). Thus, defendant argues, the pertinent question is whether the eighteen African American troopers

---

[2] Rule 23 provides in pertinent part that "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impractical; . . . ." Fed.R.Civ.P. 23(a)(1).

5

working at Troop I meet the numerosity requirement of Rule 23 of the Federal Rules of Civil Procedure (*id.*).[3]

In opposition to defendant's motion and in support of his motion for a stay, plaintiff argues simply that the complaint specifically prays for certification of a class composed of all African American troopers employed by the Louisiana State Police, not just those employed at Troop I (docs. 15-2, 16). Therefore, plaintiff maintains, further discovery is necessary to determine the number of the African American troopers employed at other troops (*id.*).[4]

## LAW AND DISCUSSION

Federal Rules of Civil Procedure 23 provides in pertinent part:

> (a) Prerequisites. One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.
> (b) Types of Class Actions. A class action may be maintained if Rule 23(a) is satisfied and if:
> (1) prosecuting separate actions by or against individual class members would create a risk of:

---

[3]Defendants have submitted the affidavit of Captain Troy Meche, commander of Louisiana State Police Troop I, who states that no more than eighteen African American troopers were employed at Troop I from June of 2007 through October of 2008. *See* (doc. 14, Ex. A, ¶¶ 4-6).

[4]Plaintiff's memorandum in opposition to the Motion to Dismiss and/or Motion for Summary Judgment (doc. 16) states that the motion is opposed on the grounds more fully stated in the memorandum in support of the Motion for Continuance pursuant to Rule 56(f).

> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
>
> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
>
> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>> (D) the likely difficulties in managing a class action.

Fed.R.Civ.P. 23(a) & (b).

"To obtain class certification, a party must satisfy Rule 23(a)'s four threshold requirements (numerosity, commonality, typicality, and adequacy of representation), as well as the requirements of Rule 23(b)(1), (2), or (3)." *Gene And Gene LLC v. BioPay LLC*, 541 F.3d 318, 325 (5th Cir. 2008). Moreover, "it is the party seeking certification that bears the burden of establishing that the requirements of Rule 23 have been met. *Id.* A mere allegation that the class is too numerous to make joinder impractical is, by itself, insufficient. *Pederson v. Louisiana State University*, 213 F.3d

7

858, 868 (5th Cir. 2000); *Fleming v. Travenol Laboratories, Inc.*, 707 F.2d 829, 833 (5th Cir. 1983).

Defendant has set forth uncontested evidence to establish that no more than eighteen African American troopers were employed at Troop I during the period in question. Thus, if the putative class is limited to those African American troopers employed at Troop I, it fails to meet the numerosity requirement of Rule 23(a)(1) and class certification is not appropriate. See e.g., *Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986) (stating that "while there is no fixed numerosity rule, 'generally less than twenty-one is inadequate, more than forty adequate, with numbers between varying according to other factors'" (*citing* 3B Moore's Federal Practice ¶ 23.05[1] at n. 7 (1978))).

Accordingly, for class certification to be appropriate, plaintiff carries the burden of establishing that the putative class should include troopers other than those at Troop I. For the reasons that follow, the court concludes that he has not carried that burden. Because plaintiff has failed to carry that burden, there is no point in continuing defendant's motion in order to determine the number of African American troopers in other troops around the state.

Plaintiff's complaint alleges no specific facts implicating any policy, personnel, acts, or omissions at any Louisiana State Troop other than Troop I, and despite having ample opportunity to do so, plaintiff has set forth no plausible grounds to support the inclusion of troopers outside of Troop I in the putative class. Thus

plaintiff has failed to carry his burden of establishing that his claims are typical of claims at other troops around the state, or that his claims present questions of law and fact common to those claims at other troops, or that he would be able to fairly and adequately protect the interests of the members of such a state-wide class.

The court, therefore, concludes that Rule 23(a)(2), (3) and (4) preclude certification of a state-wide class action, and, as noted *supra*, Rule 23(a)(1) precludes certification of a class consisting of African American troopers employed only at Troop I. Accordingly, the court concludes that this is not a proper action for class certification.

## CONCLUSION

For the foregoing reasons, the motion by plaintiff, Brian Ardoin, to continue the motion to dismiss and/or motion for summary judgment (doc. 15) is hereby **DENIED** and the motion by defendant, State of Louisiana, through the Department of Public Safety and Corrections, Public Safety Services (doc. 14), is hereby **GRANTED**.

Baton Rouge, Louisiana, April 6th, 2009.

JAMES J. BRADY
by

JOHN V. PARKER
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA